14-2538-bk
Gilboy v. Reukema

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of April, two thousand fifteen.

PRESENT:

      **ROBERT D. SACK,**
      **CHRISTOPHER F. DRONEY,**
      *Circuit Judges,*
      **TIMOTHY C. STANCEU,**
      *Judge.*[*]

---

**Peter David Gilboy,**

      *Debtor*,

---

**Peter David Gilboy,**

      *Debtor-Appellant*,

    v.                                          14-2538-bk

**Kent R. Reukema,**

      *Appellee*.

---

**FOR DEBTOR-APPELLANT:**       PETER DAVID GILBOY, pro se, Jefferson, NY.

---

[*] Chief Judge Timothy C. Stanceu, of the United States Court of International Trade, sitting by designation.

**FOR APPELLEE:** PAUL A. LEVINE, Esq. (Megan M. Breen, *on the brief*), Lemery Greisler LLC, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Sharpe, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Peter David Gilboy, pro se, appeals from the district court's judgment affirming the dismissal of his petition for cause under 11 U.S.C. § 707(a) by the Bankruptcy Court for the Northern District of New York (Littlefield, *J.*). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"A district court's order in a bankruptcy case is subject to plenary review, meaning that this Court undertakes an independent examination of the factual findings and legal conclusions of the bankruptcy court." *D.A.N. Joint Venture v. Cacioli (In re Cacioli)*, 463 F.3d 229, 234 (2d. Cir. 2006) (internal quotation marks omitted). We review the court's conclusions of law de novo and its findings of fact for clear error. *In re First Cent. Fin. Corp.*, 377 F.3d 209, 212 (2d Cir. 2004).

The Bankruptcy Code does not define "cause" for dismissal under § 707(a), and the statute's three examples are illustrative, not exclusive. *In re Smith*, 507 F.3d 64, 72 (2d Cir. 2007). Cause for dismissal may be found in a variety of circumstances, and courts must engage in a case-by-case analysis to determine whether dismissal is appropriate. *In re Dinova*, 212 B.R. 437, 442 (B.A.P. 2d Cir. 1997). Because the bankruptcy court's decision on a § 707(a) motion is guided by equitable considerations, we review for abuse of discretion. *Smith*, 507 F.3d at 73. A bankruptcy court abuses its discretion "where its decision (1) rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) cannot be located within the range of permissible decisions, even if it is not necessarily the product of a legal error or a clearly erroneous factual finding." *Id.* (internal quotation marks and alterations omitted).

Under *Smith*, the analysis in a for-cause dismissal can consider whether the debtor is able to repay his debts as part of the larger "required inquiry into whether dismissal would be in the best interest of all parties in interest." *Id.* at 74 (internal quotations marks and citation omitted). The bankruptcy court did not abuse its discretion in dismissing Gilboy's petition for cause. Gilboy made no showing that he was unable to meet his financial obligations. Indeed, he had not incurred any debts at the time he filed for bankruptcy. He filed his bankruptcy petition just days before the start of a jury trial to adjudicate the merits of a claim by appellee Kent R. Reukema. That claim represented Gilboy's only potential liability. Gilboy admitted that he filed his petition to avoid the pending trial or the risk of a default judgment, and his prediction that the trial would result in unmanageable debts was speculative. If Gilboy loses in state court, he may be able to refile his petition at that time. Furthermore, Gilboy's only creditor, Reukema, has an interest in trying his claims before a jury in his chosen venue. There was no clear error in the bankruptcy

court's factual findings, and, under these circumstances, it was not an abuse of discretion for the bankruptcy court to dismiss Gilboy's case for cause under § 707(a) because dismissal was in the best interest of all the parties. *See id.* at 73-74.

We have considered Gilboy's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3